UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| ERIC AND SHERRON BENNETT | CIVIL ACTION |
|---|---|
| VERSUS | NO: 07-4360 |
| ALLSTATE INSURANCE COMPANY | SECTION: "S" (3) |

## ORDER

**IT IS HEREBY ORDERED** that the order of the magistrate judge, granting Allstate Insurance Company's motion for a protective order and Allstate's request for sanctions on February 5, 2009, is **AFFIRMED**. (Document #35.)

### BACKGROUND AND DISCUSSION

On January 16, 2009, the Bennetts forwarded a "draft" of a notice of Rule 30(b)(6) deposition to Allstate for the deposition of a corporate representative. The draft was an augmented and amended version of a notice that the plaintiffs' counsel had sent to Allstate in other cases. Allstate filed a motion for protective order and requested sanctions for continuing to harass Allstate. The magistrate judge granted Allstate's motion for a protective order and sanctions. The plaintiffs seek a review of the magistrate judge's decision.

The Bennetts contend that good cause for the protective order was not established. They argue that the magistrate judge erred in stating that it was familiar with the Rule 30(b)(6) request

because the draft notice is a new form that the magistrate judge had not previously seen. The Bennetts further argue that the protective order is a disfavored "umbrella" protective order that quashes all areas of inquiry. As to the order of sanctions, the plaintiffs contend that their counsel did not receive any notice that the new draft notice violated any rule or was an abuse of the discovery process.

In the order of February 5, 2009, the magistrate judge granted motions to compel depositions filed by both the plaintiffs and the defendant. In addition, the magistrate judge granted Allstate's motion for a protective order and for sanctions as follows:

> **IT IS FURTHER ORDERED** that the Defendant's Motion for Protective Order (Doc. #29) is GRANTED in that the subject Rule 30(b)(6) "Hold-Up"/Notice is QUASHED because that is precisely how it was designed to be used and was used by plaintiffs' counsel in this instance–to "hold-up" reasonable discovery (plaintiffs' depositions) and then at a point in the trial court's schedule that is perilously close to the discovery deadline.
>
> **IT IS FURTHER ORDERED** that defendant's request for sanctions against plaintiffs' counsel for abuse of the deposition discovery process is GRANTED in that counsel for plaintiff (Paul C. Miniclier) shall personally pay $500.00 to defendant Allstate within fifteen (15) days from this date.

Document #33. The magistrate judge added in a footnote that this *modus operandi* was proscribed by Fed. R. Civ. P. 26(d)(1) and that he is familiar with the notice at issue in this case. The magistrate judge stated that the inquiries are out of proportion with this and any individual Hurricane Katrina homeowner's case and that such tactics waste judicial resources, obviate any potential for settlement negotiations, and imperil long awaited trial dates. In explaining the grant of sanctions, the magistrate judge stated:

> In this instance, the defense counsel traveled from Lafayette, Louisiana, to

compel plaintiffs' depositions which were initially requested in November of 2008. Most notably, plaintiffs' counsel did not request Rule 30(b)(6) deposition dates of availability until two days before the deposition date noticed for plaintiffs' depositions–*i.e.*, January 15, 2009. Moreover, plaintiffs' Rule 30(b)(6) was not even issued to Allstate until after that date.

The plaintiffs have not demonstrated that the magistrate judge's ruling is clearly erroneous or contrary to the law. The order of the magistrate judge is affirmed.

New Orleans, Louisiana, this __4th__ day of March, 2009.

*[signature]*
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**